# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. GILLUM,

                Plaintiff,

v.

ARMOR HEALTH CARE, ALYSSA
SEKADIO, HOUSE OF
CORRECTION, C.O. NASH, LT.
MILLICCA, and CAPTAIN
SULLIVAN,

                Defendants.

Case No. 18-CV-236-JPS

**ORDER**

Plaintiff Michael L. Gillum, who is incarcerated at the Milwaukee House of Correction ("HOC"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Due to Plaintiff's indigence, the Court waived payment of an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant, Plaintiff was incarcerated at the HOC. (Docket #1 at 2). Plaintiff alleges that in the early morning hours of January 5, 2018, he awoke shaking "after trying to b[ear] the extremely cold climate." *Id.* He eventually began vomiting and having diarrhea. *Id.* Plaintiff was sent to the health center, which determined that he had a fever of 109 degrees and a low heart rate. *Id.* Defendant Alyssa Sekadio ("Sekadio"), identified as his healthcare provider, ordered Plaintiff quarantined and placed on medical observation. *Id.*

Rather than being sent to a medical unit or a hospital, Plaintiff was placed in the disciplinary housing unit. *Id.* Plaintiff says that those cells are

usually fouled by other inmates' urine and feces, but does not state whether his cell was in such a condition. *Id.* at 2–3. Plaintiff asked the guard on duty, Defendant C.O. Nash ("Nash"), to take a shower, as Plaintiff had "bio matter and feces on [his] person." *Id.* at 3. Nash denied Plaintiff's repeated requests for a shower throughout her shift, though other inmates in the unit were permitted to shower. *Id.* Plaintiff also complained that his cell was cold, but that issue was not remedied either. *Id.* Finally, Plaintiff asked for a meeting with "psych services," but Nash told him that she could not get a response from them. *Id.* When the next guard took over after Nash, Plaintiff was allowed to take a shower and was provided with extra blankets. *Id.* at 3–4. Shortly thereafter, Plaintiff was moved to a different unit. *Id.* at 4.

Plaintiff filed grievances about his treatment. *Id.* The remainder of Plaintiff's allegations are directed at the grievance process. *Id.* at 4–5. In sum, Plaintiff contends that his grievances were not appropriately handled, first by Nash, and then by Defendants Lt. Millicca ("Millicca") and Captain Sullivan ("Sullivan"). *Id.* at 4. As to Nash, Plaintiff complains that she made misstatements in her response to his grievances. *Id.* As to Millicca and Sullivan, Plaintiff says that they deliberately hindered the grievance process by delaying the processing of the grievances and by altering dates on the forms. *Id.* at 4–5. Plaintiff further alleges that he filed a grievance against Defendant Armor Health Care ("Armor") for "sending me to . . . segregation cells for medical observation[.]" *Id.* at 5.

Plaintiff seeks monetary damages of $1,000,000.00 "due [to] the fact that my life was placed in danger, that I was forced to sit in a segregation cell that was not built or equipped or suitable for a person to be sent for medical observation." *Id.* at 6. Plaintiff also complains that his requests for

care were ignored by Nash. *Id.* He claims that his life was in danger "because of me being ill and placed in a[n] unhabitial [sic] climate." *Id.*

Plaintiff's allegations fail to state a claim for relief against any of the named defendants. Defendant HOC is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Armor is not liable simply because it, through its employees, generally provides medical services at the HOC, and neither has Plaintiff alleged a policy claim against Armor. *Maniscalco v. Simon*, 712 F.3d 1139, 1145 (7th Cir. 2013); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff's claims against the individual defendants also fail. The Eighth Amendment proscribes the use of cruel and unusual punishment. Plaintiff's allegations invoke two recognized variations of that rule. One is that prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016). The Eighth Amendment is violated when the prisoner shows that they "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The term "[d]eliberate indifference"

> is a subjective standard. To demonstrate deliberate indifference, a plaintiff must show that the defendant acted with a sufficiently culpable state of mind, something akin to recklessness. A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Deliberate indifference is more than negligence and approaches intentional wrongdoing. In other words, [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The second variation arises when "prison officials deliberately ignore[] conditions of confinement that failed to meet contemporary requirements of minimal decency." *Wheeler v. Walker*, 303 F. App'x 365, 368 (7th Cir. 2008). The Seventh Circuit explains that "[m]inimal decency requires the prison to provide reasonably adequate sanitation and protection from the cold." *Id.* Ultimately, the standards are very similar—they require an objectively serious deprivation and a sufficiently culpable mental state on the part of the prison official. *See Haywood v. Hathaway*, 842 F.3d 1026, 1030–31.

Plaintiff's claim against Sekadio appears to be for medical deliberate indifference. Assuming, without deciding, that Plaintiff suffered a serious condition, Sekadio was far from indifferent to Plaintiff's medical needs. She evaluated him and ordered treatment. Prison officials, not Sekadio, were in charge of Plaintiff's cell assignment. Plaintiff gives no indication that she could overrule the guards.

Plaintiff seems to assert both Eighth Amendment variations against Nash. However, it is not clear that either are present here. As to the conditions of Plaintiff's cell, though it was an allegedly cold cell, he does not explain how Nash was responsible for that cell assignment. It is also not entirely clear how Plaintiff became soiled, and thus whether Nash's refusal to let him shower was appropriate or not. Further, Plaintiff was only exposed to the cold for about eight hours. Though this would certainly be uncomfortable, prisons are not comfortable places, and the constitution is not implicated for the "usual discomforts of winter." *See Mays v. Springborn*, 575 F.3d 643, 648–49 (7th Cir. 2009). To the extent Plaintiff alleges Nash's indifference to his medical needs, there are two problems. First, Plaintiff did not ask Nash to see a medical provider, only "psych services," which would

not see him. Second, Nash was entitled to entrust Plaintiff's care to the medical providers at the HOC. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Finally, as to both claims, Plaintiff does not allege that Nash had the requisite state of mind. Plaintiff's allegations do not establish that Nash knew—not merely should have known, but *in fact knew*— that Plaintiff had an objectively serious condition and that she chose to do nothing about it.

Finally, as to Millicca and Sullivan, Plaintiff's allegations do not implicate any constitutional protections. They were not directly involved in the January 5 incident. Their conduct came after the complained-of events; they had no ability to go back in time and change how Plaintiff was treated. Thus, they cannot bear Eighth Amendment liability stemming from that incident. *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). Nor could they be liable for their grievance handling; though Plaintiff may not have liked how they resolved his grievances, they did not simply send his complaints to the shredder. *Id.* at 595.

The Court will allow Plaintiff an opportunity to amend his complaint to correct the deficiencies identified above. If he chooses to offer an amended complaint, Plaintiff must do so no later than **May 2, 2018**. If he does not do so, this action will be dismissed. Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading;

the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **May 2, 2018**, Plaintiff shall file an amended pleading or this action will be dismissed;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge